UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| TRUSTEES OF THE UNITE HERE RETIREMENT FUND, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| BBC PH KINZIE, LLC d/b/a KINZIE HOTEL, and JOHN DOES 1-10 (all other trades or businesses under common control with KINZIE HOTEL), | : | No. 19-1421 |
| | : | |
| Defendants, | : | |

_____

Plaintiffs, by their attorneys, for their Complaint complaining of Defendants BBC PH
KINZIE, LLC d/b/a Kinzie Hotel and John Does 1-10 (all other trades or businesses under
common control with Kinzie Hotel), respectfully allege as follows:

## NATURE OF THE ACTION

1.     This is an action by an employee benefit fund to compel an employer to pay
withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee
Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan
Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to Sections 502(a), (e), (f) and
(g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g) and 1451(a), (b) and
(c).

## VENUE

3.      As the Plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4.      The UNITE HERE Retirement Fund ("Fund") is established and maintains a plan (the "Legacy Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Legacy Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5.      Plaintiffs Trustees of the Fund are members of a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(B) ("Trustees of the Fund"). The Board of Trustees administers the Fund and is the "plan sponsor" with respect to the Legacy Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Fund maintains its offices and the Legacy Plan is administered at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

6.      Plaintiffs Trustees of the Fund exercise discretionary authority, control, and responsibility with respect to management and administration of the Fund and the Legacy Plan and the disposition of Fund assets. As such, Plaintiffs Trustees are fiduciaries with respect to the Legacy Plan and the Fund, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.     Upon information and belief, Defendant BBC PH KINZIE, LLC d/b/a Kinzie Hotel ("BBC PH Kinzie") is an Illinois company having or having had its principal place of business at 555 Skokie Blvd, Suite 555, Northbrook, Illinois, 60062.

8.     Upon information and belief, at all relevant times herein, Defendant BBC PH Kinzie was a party, directly or indirectly, to a collective bargaining agreement with UNITE HERE Local 1 (the "Union"). Upon information and belief, pursuant to said collective bargaining agreement, Defendant BBC PH Kinzie was obligated to make contributions and made certain of such contributions to the Fund on behalf of certain of its employees through approximately March 31, 2018.  As such, Defendant BBC PH Kinzie is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

9.     Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with BBC PH Kinzie) are "trades or businesses under common control" with Defendant BBC PH Kinzie pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

## AS AND FOR A FIRST CLAIM
## AGAINST DEFENDANT BBC PH KINZIE

10.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 9 of this Complaint with the same force and effect as if set forth at length herein.

11.     Upon information and belief, on or about March 31, 2018, Defendant BBC PH Kinzie permanently ceased all covered operations under the Legacy Plan and/or permanently ceased to have an obligation to contribute to the Fund, thereby completely withdrawing from the Legacy Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

12.     As a result of its complete withdrawal from the Plan, Defendant BBC PH Kinzie became liable to the Fund for withdrawal liability in the principal amount of $3,583,060.00, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

3

13.     After determining the amount of the withdrawal liability owing to the Fund by Defendant BBC PH Kinzie, on or about August 23, 2018, the Fund notified Defendant BBC PH Kinzie of the amount of the withdrawal liability and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). The Notice and Demand was sent via United States Postal Service with a return receipt requested which was returned indicating the letter was received on August 27, 2018. A true copy of the August 23, 2018 Notice and Demand letter with the signed return receipt is attached hereto as Exhibit A.

14.     Pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and as provided in the Notice and Demand, Defendant BBC PH Kinzie was required to make eighty (80) quarterly withdrawal liability payments in the amount of $35,056.57 each. The first such quarterly payment was due on or before October 1, 2018.

15.     By letter dated October 2, 2018, the Fund notified Defendant BBC PH Kinzie that it had failed to make the first quarterly withdrawal liability payment due on October 1, 2018 and that, if such failure was not cured within sixty (60) days, Defendant BBC PH Kinzie would be in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) ("Notice of Overdue Payment"). The Notice of Overdue Payment was sent via United States Postal Service with a return receipt requested which was returned indicating the letter was received on October 10, 2018.  A true copy of the October 2, 2018 Notice of Overdue Payment letter along with the signed return receipt is attached hereto as Exhibit B.

16.     Upon information and belief, more than sixty (60) days have elapsed since Defendant BBC PH Kinzie received the Notice of Overdue Payment. To date, Defendant BBC PH Kinzie has failed to make the first quarterly withdrawal liability payment or make any subsequent quarterly withdrawal liability payments.

4

17.     By reason of its failure to make the withdrawal liability payment within sixty (60) days of receipt of the Fund's Notice of Overdue Payment, Defendant BBC PH Kinzie is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Plaintiff is entitled to immediate payment of the total amount of Defendant BBC PH Kinzie's withdrawal liability due under the Notice and Demand, plus accrued interest on the total outstanding withdrawal liability from the due date of the first missed quarterly liability payment, from Defendant BBC PH Kinzie and all trades or businesses under common control with BBC PH Kinzie, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

18.     Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendant BBC PH Kinzie and all trades or businesses under common control with BBC PH Kinzie calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

19.     Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendant BBC PH Kinzie and all trades or businesses under common control with BBC PH Kinzie calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

### AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS JOHN DOES 1-10 (ALL OTHER TRADES OR BUSINESSES UNDER COMMON CONTROL WITH DEFENDANT BBC PH KINZIE)

20.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth at length herein.

21.     Upon information and belief, at all times relevant herein, Defendant BBC PH Kinzie and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(l) of ERISA, 29 U.S.C. § 1301 (b)(l), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published thereunder.

22.     Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(l), as trades or businesses under common control, Defendant BBC PH Kinzie and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability. For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable for the total amount of the withdrawal liability, interest, liquidated damages, and attorneys' fees and costs referenced in in paragraphs 11 through 19.

23.     Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

24.     Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

## AS AND FOR A THIRD CLAIM
## AGAINST ALL DEFENDANTS

25.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth at length herein.

26.     Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Fund thereby causing the Fund and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Fund will have no adequate remedy of law.

27.     The Fund will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

6

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order and Judgment:

a.        Directing Defendants be held jointly and severally liable to the Fund for withdrawal liability in the principal amount of $3,583,060.00; and

b.        Directing Defendants be held jointly and severally liable to the Fund for interest on the withdrawal liability set forth in paragraph (a) herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the Fund's rules and regulations; and

c.        Directing Defendants be held jointly and severally liable to the Fund for liquidated damages pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ I 132(g)(2)(C) and 1451(b) and the Fund's rules and regulations; and

d.        Directing Defendants be held jointly and severally liable to the Fund for the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b) and the Fund's rules and regulations; and

e.        Directing Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with Defendants be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

        f.     Granting such other legal and equitable relief as the Court deems appropriate.

CLEARY, JOSEM & TRIGIANI LLP

BY: _____

WILLIAM T. JOSEM, ESQUIRE
CASSIE R. EHRENBERG, ESQUIRE
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: February 14, 2019